**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **WESTFIELD INSURANCE CO.,** | * |
| **Plaintiff,** | * |
| | *    **CIVIL NO.: PWG-12-3145** |
| **v.** | * |
| **SITE MAINTENANCE, INC.,** *et al.*, | * |
| **Defendants.** | * |
| | * |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses the Motions to the Court for Default Judgment as to Defendants Carmavido Land Trust, LLC, FSA Landtrust, LLC, Site Maintenance Eastern Shore, LLC, Site Maintenance, Inc., and SMI Site Development, LLC (collectively, the "Corporate Defendants"), ECF Nos. 21–25 ("Pl.'s Mots."), that Plaintiff Westfield Insurance Co. ("Westfield") filed. The Corporate Defendants have not filed any responses, and the time for doing so has passed. *See* Loc. R. 105.2.a. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated below, Plaintiff's Motions to the Court for Default Judgment are DENIED. This Memorandum Opinion and Order disposes of ECF Nos. 21–25.

**I.    PROCEDURAL HISTORY**

On October 25, 2012, Plaintiff filed a Complaint for indemnification against the Corporate Defendants and individual defendants Stephen G. Principie and Mary Louise Principie

(together, the "Individual Defendants"),[1] seeking to hold all Defendants jointly and severally liable for an alleged breach of an indemnity agreement, or in the alternative, to hold Defendant Site Maintenance, Inc. liable for Plaintiff's losses under common law indemnification. Compl. 6–7, ECF No. 1. Plaintiffs filed proof of service as to the Individual Defendants on November 19, 2012, and as to the Corporate Defendants on December 6, 2012. *See* Certif. of Serv., ECF Nos. 6–7 & 14–18. The Court granted the Individual Defendants' Consent Motion for Extension of Time for Defendants Stephen G. Principie and Mary Louise Principie to File Responsive Pleadings, ECF Nos. 31–32, and the Individual Defendants filed a timely Answer on February 22, 2013. ECF No. 33. The Corporate Defendants did not file an Answer, Motion to Dismiss, or Motion for Summary Judgment. *See* Docket. On December 27, 2012, Plaintiffs moved for entries of default and default judgment as to the Corporate Defendants, ECF Nos. 21–25. The Clerk's office entered Orders of Default as to the Corporate Defendants, ECF Nos. 26–30, and the motions for default judgment now are before me.

## II. DISCUSSION

As a general rule, "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2690 (3d ed.) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *see also United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (finding that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is . . . applicable not only to situations of joint liability but to

---

[1] The Individual Defendants' last name appears as both "Principie" and "Principe" in the parties' filings. *See* Compl. 2, ECF No. 1 (using "Principe"); Consent Mot., ECF No. 31 (using "Principie"), *and* Answer 1, ECF No. 33 (using both "Principe" and "Principie"). I assume that the correct spelling is the one that the Individual Defendants used most frequently, "Principie."

2

those where the liability is joint and/or several"). In this case, Plaintiff alleges joint and several liability as to all Defendants, Compl. 6, and requests default judgment as to the Corporate Defendants, Pl.'s Mots., while the case proceeds as to the Individual Defendants. Accordingly, until the matter has been adjudicated as to the Individual Defendants, I am unable to consider Plaintiff's Motions to the Court for Default Judgment. Therefore, at this time, Plaintiff's Motions are DENIED. Plaintiff may renew its Motions at such time as the matter has been adjudicated with regard to the Individual Defendants.

### III. CONCLUSION

Plaintiff's Motions to the Court for Default Judgment are DENIED, without prejudice to renewing them after the matter has been adjudicated with regard to the Individual Defendants.

Dated: September 11, 2013

/s/
Paul W. Grimm
United States District Judge

lyb